## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Iwona Perna, | : | Case No.  23-13081  (PMM) |
| | : | |
| Debtor. | : | |

## ORDER REGARDING REAFFIRMATION AGREEMENT

**AND NOW** upon consideration of the reaffirmation agreement (doc. # 19, the "Reaffirmation Agreement") between the Debtor and TrumarkFinancial Credit Union;

**AND** the Reaffirmation Agreement representing that Trumark Financial Credit Union is a credit union;

**AND**, the attorney having filed a certification that the Debtor was counseled in accordance with 11 U.S.C. §524(c)(3);

**AND**, the Debtor having acknowledged in writing receipt of the disclosures described in 11 U.S.C. §524(k) at or before the time the Debtor signed the Reaffirmation Agreement;

**AND**, there being no material difference between the income and expenses disclosed by the Debtors pursuant to 11 U.S.C. §524(k)(6)(A) and the income and expenses stated on Schedules I and J;

**AND**, the parameters of 11 U.S.C. §524(m)(1) not applying to the Reaffirmation Agreement because the creditor is a credit union, see 11 U.S.C. §524(m)(2);

It is hereby **ORDERED** that:

1. No hearing with regard to the Reaffirmation Agreement is necessary. See 11 U.S.C. § 524(d); and

2. Court approval of the Reaffirmation Agreement is unnecessary. See 11 U.S.C. §524(c) (not conditioning enforceability of reaffirmation agreement on court approval); 11 U.S.C. §524(c)(6)(A) (requiring court approval of a reaffirmation agreement only upon certain conditions).

*Patricia M. Mayer*

**Date: 12/18/23**

**PATRICIA M. MAYER**
**U.S. BANKRUPTCY JUDGE**